Chief Justice Marshall
delivered the opinion of the Court.
This action of detinue was brought by Mayes to recover from Fai’ish a mare, bridle, and saddle-blanket, which the defendant had won from the plaintiff at unlawful games, and had received into his possession in consequence of such winning. The plaintiff having on the trial proved conclusively that the property .(worth from $50 to $60,) was so won, and taken into possession by the defendant, the latter introduced a witness who stated.that on the evening of the day on which the mare, &c., had been won, the defendant called him to where himself and plaintiff were, and he saw the defendant pay to the plaintiff a small sum of money, he supposes between $5 and $10, and he heard both of them say that the mare had been won by the defendant *39 from the plaintiff, and that the money paid was paid as a balance for the price of the mare. Whereupon the plaintiff introduced a witness who stated that he was the partner of the defendant in the game and winning, that after the mare was won, he advised the defendant to make some further arrangement with the plaintiff to prevent him from regaining the mare under the gambling act, and that the money paid by the defendant to the plaintiff was paid for this purpose and under this suggestion.
Instructions of the OircuitJudge
A sale and compromise which would bar the right to reclaim by suit property lost at gaming, must be real and Iona fide, based upon the concession! of the fact that the property real' ly belonged to’ the loser.
Upon this evidence the Court instructed the jury in effect that the plaintiff had a right to recover property won and received by the defendant, unless they believed from the evidence that in the subsequent arrangement a compromise was made in good faith of any claim that the plaintiff had to the property, or that the same was in good faith sold by him to the defendant; but that if they believed said subsequent arrangement was not a sale in good faith, nor a compromise in good faith of the plaintiff’s right of reclamation, but a mere device to evade the operation of the Statute, it was no bar to the plaintiff’s recovery. A verdict was found for the defendant, and the plaintiff’s motion for a new trial having been overruled, he prosecutes a writ of error for the reversal of the judgment against him.
A sale or compromise which would bar the right of reclaiming property won at gaming, must be real and bona fide. A sale to be real must be based upon the concession and the fact that the property belongs to the loser to be disposed of at his pleasure, and the sale to the winner must be free and fair as of the losers own property in his possession, A compromise to be real and effectual must be based upon the assertion by the loser of a right to repossess the property as his own, notwithstanding its loss by the bet, and a free and intentional surrender of that right for an equivalent deemed by him to be a fair one. Upon the testimony of the defendant’s own witness, there is in our view no rational ground for inferring either that there was such a sale or such a compromise, though it might be inferred from' *40 that testimony alone, that the bet covered only a part of the value of the property, or that the winner conceded that the property had been under estimated in the bet, and paid a small sum to make up either the estimated or the actual value. The statement by the parties that the defendant had won the mare, and the money paid was for the balance of the price, admits of no other construction but that the other part of the price consisted of what was won, And the only matter left in doubt is whether the price referred to, meant the price at which the property was estimated in the bet, in which case it would be implied that the entire property had not been staked, but only a certain portion of its value; or whether the price referred to, meant a price which the winner afterwards conceded to be fair, and which being greater than that at which the property was estimated in the stake, he was willing to give, still estimating the bet and winning as a part, and as it appears nearly the whole of the price, In the first alternative the winner gets the full benefit of his winning, and according to the terms of the bet — and it is but an affirmance of the gambling transaction. In the latter case, he pays back a small part of his winning in order to secure the residue. And this also is substantially but an affirmance of the gambling transaction. The positive evidence of several witnesses proves that the property was bet and staked at or against a certain sum, which excludes the first of these alternatives. And even if this were not so, we are satisfied that the character of the transaction could not be altered by the payment made, whether under one or the other of the alternatives just supposed. If made under the first alternative it might possibly form some obstacle to a specific recovery of the property. If made under the last, it could only be regarded as a gratuity or premium in the nature of hush money, to induce the loser not to reclaim the property, or to preclude him from doing so. In either.view it would be nothing more or less than a device to evade the statute, and such it is clearly proved to have been by the plaintiff’s last witness. But in- *41 dependency of his testimony, there is no proof upon which a jury was authorized to find that there had either been a sale of the property, unless in payment of the bet and in performance of its terms, or that there had been a real and bona fide compromise and intentional surrender of the right of reclaiming the property. There is in fact no evidence of any such sale or compromise. And although the instruction seems to be in terms abstractly correct, yet as it implies that there was evidence which would authorize the jury to find that there had been such a sale or compromise as would bar the plaintiff’s right, and as it failed to define specifically what was requisite to make such a sale or compromise, it was in our opinion calculated to mislead the jury into the supposition that the payment and reception of the small sum of money stated by the witness, with the avowal that' it was part of the price of the mare, would justify them in finding that there had been a real sale or compromise, which precluded the plaintiff from recovering the property.
An instruction, though abstractly correct, may nevertheless be misleading where there is no evidence to authorize it.
Chiles for plaintiff; Hazlerigg and Burns for defendant.
We regard the instruction as misleading and the verdict as being against the evidence. And on these grounds a new trial should have been granted. Wherefore the judgment is reversed, and the cause remanded for a new trial in conformity with the principles of this opinion.